**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| RAYMOND C. BRADBURY; and HEATHER A. BRADBURY,<br><br>        Plaintiffs,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for GSAMP TRUST 2005-WMC1; and OCWEN LOAN SERVICING, LLC,<br><br>        Defendants. | C.A. No. 1:18-cv-00690-WES-PAS |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER INJUNCTION**

The remaining issue to this matter is whether Plaintiffs have grounds to enjoin Defendants foreclosure on a claim that Plaintiffs were entitled to notice of mediation under Rhode Island law. Plaintiffs' default on their Mortgage in September 2012, and their subsequent failure to cure, excused Defendants' compliance with Rhode Island's mediation statute.

Under Rhode Island law, a mortgagee is not required to provide a mortgagor with notice of mediation conference prior to the initiation of foreclosure proceedings if "[t]he date of default under the mortgage is on or before May 16, 2013." R.I. Gen. Laws § 34-27-3.2(o)(2). Section 34-27.3.2(c)(1) defines default for purposes of the mediation statute as "the failure of the mortgagor to make a timely payment of an amount due under the terms of the mortgage contract, *which failure has not been subsequently cured.*" (emphasis added).[1] The record of this matter

---

[1] The Rhode Island Department of Business Regulation's Banking Regulation 5 (governing mortgage foreclosures and interpreting the requirements under § 34-27-3.2) identically defines default as "the failure of the mortgagor to

indicates that Plaintiffs defaulted in September 2012, and remained in default at all times thereafter, thus rendering § 34-27-3.2 inapplicable to pre-foreclosure proceedings.

Plaintiffs attempt to establish a date of default after May 2013 by arguing payments they made during the pendency of their Chapter 13 bankruptcy petition adjusted their due date beyond May of 2014 and thus beyond statutory effective date, but the record of Plaintiffs' bankruptcy demonstrates their failure to cure the default through their Chapter 13 plan. 11 U.S.C. § 1322 permits a debtor to cure the default on a mortgage by paying the outstanding, prepetition arrears but only so long as the debtor continues to make the ongoing post-petition payments on the mortgage. In *Ameriquest Mortg. Co. v. Nosek (In re Nosek)*, 544 F.3d 34, 45-46 (1st Cir. 2008), the First Circuit Court of Appeals explained the operation of mortgage payments and steps necessary to reinstate a mortgage during a Chapter 13 bankruptcy plan:

> [Section] 1322(b)(5) explicitly authorizes debtors to cure any defaults on a long-term debt, such as a mortgage, and to maintain payments on the debt during the life of the plan. Although the debtor may not change the material terms of the underlying debt, she may stave off foreclosure on her residence by curing a previous default. The effect of the provision is to essentially split each of [the debtor]'s secured claims into two separate claims – the underlying debt and the arrearages. Typically, the pre-petition arrearages payments are made through the plan by the Chapter 13 trustee, while the current amounts due are made directly to the lender.

According to the First Circuit, "[i]f the debtor is successful in curing the default, the debt is reinstated to its pre-default position, thereby return[ing] the debtor and creditor to their respective positions before the default." *Id.* As a matter of procedure, once the debtor makes all payments under a confirmed Chapter 13 plan, the trustee files and serves a notice of final cure payment stating that debtor has paid in full the amount required to cure any default on the claim, and it is incumbent upon the holder of the claim to serve and file a response indicating whether

---

make a timely payment of an amount due under the terms of the mortgage contract, which failure has not been subsequently cured." Banking Reg. 5, § 4.

the debtor has paid the full amount required to cure the default. USCS Bankruptcy R 3002.1(f)-(g).

In *Anglin v. Regions Mortg. Inc.* (*In re Anglin*), No. MW 00-055, 2001 Bankr. LEXIS 1908, at *2 (B.A.P. 1st Cir. Mar. 26, 2001), a debtor sought Chapter 13 bankruptcy protection to cure prepetition mortgage arrearage, but following confirmation of the plan, the debtor defaulted on the post-petition payments to the mortgagee outside the plan. The bankruptcy court granted the mortgagee relief from the automatic stay to foreclose on the mortgage as a result of the default. *See id.* at *2-3. The First Circuit (Bankruptcy Appellate Panel) affirmed relief from stay, finding that the debtors failed to make nineteen consecutive post-petition mortgage payments under the terms of the Plan, and therefore, relief from the stay was appropriate. *See id.* at *7-8.

Here, the United States Bankruptcy Court for the District of Rhode Island confirmed a Chapter 13 plan for Plaintiffs as of November 8, 2012. (Order Confirming Chapter 13 Plan, *Exhibit A*.) The confirmed plan required Plaintiffs to make contractual monthly payments to Ocwen Loan Servicing, LLC ("Ocwen") at $1,387 per month and outside of the plan. (Chapter 13 Plan, *Exhibit B* at p. 3.) The plan also required Plaintiffs to pay a total pre-petition arrearage estimated at $30,000 out of their 60 months of payments made to the trustee at $620 per month, and those payments only applied to the pre-petition arrearage and not to any amount owed to Plaintiffs' secured creditor. (*Id.* at pp. 3-4.) According to the plan, if the Plaintiffs paid the arrearage "while making all required Post-Petition Payments…, [Plaintiff's] mortgage will be reinstated according to its original terms…." (*Id.* at p. 4.)

In October of 2017, the trustee filed and served a Notice of Final Cure Payment indicating that payment of $38,975.89 to Ocwen as part of the allowed pre-petition arrearage and informed the court that the monthly ongoing payments were paid directly by Plaintiffs. (Notice

of Final Cure, *Exhibit C*.) On October 13, 2017, counsel for Plaintiffs' creditor mortgagee, Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2005-WMC1 ("DBNTC as Trustee") filed a response to the Notice of Final Cure acknowledging the full payment required to cure the prepetition default payments but informing the court that Plaintiffs were not current on all post-petition payments, owed $94,436.41 and were contractually obligated for payments that first became due on August 1, 2012. (Response to Final Cure Payment, *Exhibit D*.) The Bankruptcy Court acknowledged the dispute over final cure and required the Plaintiffs to file a motion for determination of final cure. (Notice Regarding Motion, *Exhibit E*.) The docket reflects that Plaintiffs never filed a motion to determine final cure on payments.

Plaintiffs admit that they did not make all post-petition payments required under the Chapter 13 plan to cure the default. Plaintiff Heather Bradbury attests to the fact that Plaintiffs stopped making regular monthly payments to Ocwen as of May 1, 2014. (Plaintiffs' Affidavit, Doc. No. 7 at ¶ 4.) In other words, during the time in which the trustee was receiving regular monthly payments under the plan and forwarding a portion of payment to Ocwen on the pre-petition arrearage (from November of 2012 up to October of 2017), Plaintiffs stopped making their contractual monthly payments. The loan transaction history Plaintiffs submit confirms consistent monthly payments made by the trustee up to October of 2017, but then all monthly payments stop. (Loan History, Exhibit 1 to Plaintiffs' Affidavit, Doc. No. 7-1 at pp. 22-25.)

Plaintiffs have not provided the Court any proof that the pre-petition arrearage had been paid off as of May 1, 2014. Instead, the transaction history and the trustee's final cure report demonstrate that the pre-petition arrearage was actually paid off in or around October of 2017, more than three years after Plaintiffs stopped making the contractual monthly mortgage loan payments. The bankruptcy record demonstrates that Plaintiffs did not, and have not at any time

subsequent to August of 2012 cured the default on the mortgage loan. While it may be true that the trustee in bankruptcy paid Defendants the pre-petition arrearage, that payment alone did not cure the default.

Plaintiff's Mortgage, Plaintiffs' Chapter 13 Plan, the United States Bankruptcy Code and interpreting case law all demonstrate that Plaintiffs failed to make all payments necessary to reinstate their mortgage loan. Failure to make the Chapter 13 plan payments and the payments outside the plan demonstrates that Plaintiffs have not subsequently cured a default on their mortgage that dates back to 2012 and prior to the effective date of May 16, 2013.

> Respectfully submitted,
>
> DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for GSAMP TRUST 2005-WMC1; and OCWEN LOAN SERVICING, LLC,
>
> By Their Attorneys,
>
> */s/ Samuel C. Bodurtha*
> Samuel C. Bodurtha, Bar No. 7075
> Ethan Z. Tieger, Bar No. 9308
> HINSHAW & CULBERTSON LLP
> 56 Exchange Terrace, Suite 5
> Providence, RI 02903
> Telephone: (401) 751-0842
> Facsimile: (401) 751-0072
> sbodurtha@hinshawlaw.com
> etieger@hinshawlaw.com

Dated:   January 7, 2019

303025776v1 1016248

## **CERTIFICATE OF SERVICE**

      I, Samuel C. Bodurtha, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on January 7, 2019.

                                                 */s/ Samuel C. Bodurtha*
                                                 Samuel C. Bodurtha

303025776v1 1016248