```
                    UNITED STATES BANKRUPTCY COURT
                    FOR THE DISTRICT OF RHODE ISLAND
```

In re:

    RAYMOND BRADBURY                                 BK No. 12-12104
    HEATHER BRADBURY
           Debtor(s)                            Chapter 13

### ORDER CONFIRMING CHAPTER 13 PLAN

The Debtor(s) filed a Chapter 13 Plan (The "Plan") on July 10, 2012. Debtor(s) filed a Certificate of Service on July 10, 2012, reflecting that the Plan and any applicable motions were served on all creditors and parties-in-interest. No objections to the confirmation of the plan or motions were filed, or all objections were overruled by the Court or resolved by the parties.  Upon consideration of the foregoing, the Court hereby orders the following:

1. The Plan is confirmed.  The term of the Plan is 60 months.

2. The motion to modify the second mortgage secured claim of Ocwen Loan Servicing is granted. Notwithstanding anything in the confirmed Chapter 13 Plan to the contrary, the proposed strip-off or modification of the second mortgage in favor of Ocwen Loan Servicing on the Debtors' property at 61 Lafayette St., W. Warwick, Rhode Island shall not be effective unless and until a discharge has been entered on the Bankruptcy Court's Docket in the Chapter 13 case.

3. The motion to avoid the lien of Midland Funding recorded at Book 2050, Page 22-23 in the Office of Land Records in the Town of W. Warwick is granted.

   The motion to avoid the lien of Capital One Bank recorded at Book 2035, Page 189-190 in the Office of Land Records in the Town of W. Warwick is granted.

   The motion to avoid the lien of West Bay Recovery recorded at Book 2057, Page 151-152 in the Office of Land Records in the Town of W. Warwick is granted.

       The motion to avoid the lien of Rumford Credit Services, Inc. recorded at Book 1674, Page 280-281 in the Office of Land Records in the Town of W. Warwick is granted.

4. The motion to assume or reject lease N/A

5. The employer of the Debtor, Porcelli's Auto Body, Attn: Payroll Dept., 301 Providence St., W. Warwick, RI 02893, shall deduct from the wages of the Debtor and forward to the Office of the Standing Chapter 13 Trustee, P.O. Box 2561, Providence, Rhode Island 02906, the sum of $865.00 per month for 60 months.

6. The effective date of confirmation of the Plan is October 3, 2012.

7. The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed Plan are set forth on the attached summary which is incorporated herein by reference.

8. Unless otherwise ordered by the Court, all property of the estate as defined in 11 U.S.C. §§ 541 and 1306, including, but not limited to any appreciation in the value of real property owned by the Debtor(s) as of the commencement of the case, shall remain property of the estate during the term of the Plan and shall vest in the Debtor(s) only upon closing of the case.  All property of the estate shall remain within the exclusive jurisdiction of the Bankruptcy Court.

9. The Debtor(s) shall not transfer, sell, encumber, or otherwise alienate property of the estate other than in accordance with the confirmed Plan or other order of the Bankruptcy Court.  The Debtor shall be responsible for preserving and protecting all property of the estate.

10. The Court may, from time to time during the period of the Plan, increase or reduce the amount of the payments provided by the Plan, where it shall be made to appear at a hearing upon such notice as the Court may designate, that the circumstances so warrant or so require.

11. The Debtor shall inform the Trustee of any increase he/she receives in salary or in income.

12. The Trustee shall pay the remaining balance due to any creditor when that balance due is $25.00 or less.

13. Under 11 U.S.C. § 1325(a)(8) and § 1328(a), if the Debtor owes domestic support obligations, whether owed at the time of filing or incurred during the pendency of the bankruptcy case, the Debtor must file a certification with the Chapter 13 Trustee stating that all such payments due under the plan have been paid before a discharge order may enter.

14. Upon completion of the plan, discharge shall enter unless: (a) after motion and hearing the Court determines that the Debtor is not entitled to one pursuant to 11 U.S.C. § 1328(h), or; (b) the Debtor is otherwise not entitled to one pursuant to 11 U.S.C. § 1328.

15. The plan meets all of the requirements set forth in 11 U.S.C. § 1325(a).

16. This order is effective for the plan confirmed on October 3, 2012 as well as any amended plan approved by the Court, post confirmation, upon the entry of an order granting a Motion to Approve a post confirmation plan, unless a new order is deemed necessary.

_____
Diane Finkle
United States Bankruptcy Judge
District of Rhode Island

## CERTIFICATION

I hereby certify that a copy of the within Order Confirming Chapter 13 Plan was mailed, postage prepaid, to Mr. & Mrs. Raymond Bradbury, 61 Lafayette St., W. Warwick, RI 02893 and electronically mailed to Robert Jacquard, Esq. at bjacquard@gmail.com on October 16, 2012.

/s/ Martha Hunt

In re:   Raymond & Heather Bradbury              BK-12-12104

### SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN

A.  DOMESTIC SUPPORT OBLIGATION CLAIMS

   None

B.  ADMINISTRATIVE CLAIMS

   Attorney's fees due to Robert Jacquard, Esq. in the amount of $3,500.00 shall be paid first.

C.  PRIORITY CLAIMS

   None

D.  SECURED CLAIMS

   Ocwen Loan Servicing will be paid its first mortgage pre-petition arrearage in the approximate amount of $38,976.00 next.

   The debtor(s) shall be responsible for the ongoing monthly first mortgage payments to Ocwen Loan Servicing.

E.  UNSECURED CLAIMS

   All unsecured creditors shall receive not less than 7% of the amount of their claims duly proved and allowed by the Court.

F.  OTHER PERTINENT PROVISIONS

   None