UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                             )
HEATHER A. BRADBURY, et al., )
                             )
        Plaintiffs,          )
                             )
    v.                       )     C.A. No. 18-690 WES
                             )
DEUTSCHE BANK NATIONAL TRUST )
COMPANY, et al.,             )
                             )
        Defendants.          )
_____)
```

**MEMORANDUM AND ORDER**

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiffs seek to alter the Court's June 25, 2020 Text Order, which adopted Magistrate Judge Patricia A. Sullivan's Report and Recommendation ("R. & R."), ECF No. 26, and granted Defendants' Motion to Dismiss for Failure to State a Claim, ECF No. 15. For the reasons set forth below, Plaintiff's Motion to Alter and Amend Judgment, ECF No. 31, is GRANTED IN PART and DENIED IN PART.

I.   Discussion

"To prevail on [a motion to alter a judgment], a party normally must demonstrate either that new and important evidence, previously unavailable, has surfaced or that the original judgment was premised on a manifest error of law or fact." Caribbean Mgt. Group, Inc. v. Erikon LLC, 966 F.3d 35, 44-45 (1st Cir. 2020) (citation and quotations omitted). "A motion to reconsider should

not raise arguments which could, and should, have been made before judgment issued." Feliciano-Hernández v. Pereira-Castillo, 663 F.3d 527, 537 (1st Cir. 2011) (citation and quotation omitted)). Plaintiffs sketch three arguments for alteration.

1. Spokeo

Judge Sullivan concluded that the allegations in Counts III and IV that Defendants violated the Truth in Leading Act ("TILA"), 15 U.S.C. § 1638, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, failed to allege injuries in fact under Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1549-50 (2016). R. & R. 14-17. Judge Sullivan also reasoned that these claims, at least in part, failed to state a claim upon which relief could be granted, subjecting them to dismissal under Rule 12(b)(6). R. & R. 15. This Court, adopting the R. & R., stated that "Counts III and IV are dismissed pursuant to Fed. R. Civ. P. 12(b)(1) due to their failure to sufficiently allege an injury-in-fact, as well as pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a plausible claim." June 25, 2020 Text Order. However, the Court gave Plaintiffs "leave to amend Counts III and IV only, as directed by the R&R, within thirty days of this order." Id. Plaintiffs filed a Motion to Extend Time to File Amended Complaint, ECF No. 32, but several months have passed, and Plaintiffs never submitted an amended pleading.

Plaintiffs' Motion requests that this Court alter its judgment because "because the damages alleged in the complaint were concrete and substantial and in conformity with Spokeo." Pls.' Mot. Alter Amend J. 1, ECF No. 31.  However, the Court could not divine any argument in support of this request in the Plaintiffs' Memorandum in Support of the Motion to Alter and Amend Judgment, ECF No. 31-1, or Reply, ECF No. 35.  In any event, the Court remains steadfast in its conclusion that Counts III and IV failed to allege an injury in fact.

In the alternative, Plaintiffs argue that this Court should clarify that the dismissal of Counts III and IV was without prejudice.  See Mem. Supp. Mot. Alter. Am. J. 5-9.  This request is well-taken.  A plaintiff's failure to plead a concrete injury deprives the Court of jurisdiction under Article III.  See Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016).  A court that does not have jurisdiction over a claim cannot rule on the merits of that claim.  See Hochendoner v. Genzyme Corp., 823 F.3d 724, 736 (1st Cir. 2016).  Therefore, to the extent that this Court ruled on the merits of Counts III and IV, this Court committed manifest error.

2. Statutory Power of Sale

Relying upon Rhode Island General Laws § 34-11-22, Plaintiffs next argue that the mortgage did not properly grant the statutory power of sale to Defendants and their predecessor

3

mortgagee, Mortgage Electronic Registration Systems. See Pls.' Mem. Supp. Mot. Alter Amend J. 9-17, ECF No. 31-1. However, as noted by Judge Sullivan, paragraph 22 of the mortgage states "that the Lender 'may invoke the STATUTORY POWER OF SALE.'" R. & R. 12. See also id. at 12 ("The Bradburys' hyper-technical position is contrary to all of these state enactments. Nor is there judicial support for the argument; the Court has reviewed all of the cases they cite to buttress it; none contain the requisite holding." (citations omitted)). Furthermore, the mortgage provided that Mortgage Electronic Registration Systems was the "nominee for Lender and Lender's successors and assigns." Mortgage 1, ECF No. 1-1. For this reason (and those further explained in pages 12-13 of the R. & R.), the Court rejects Plaintiffs' arguments regarding the statutory power of sale.

3. Amount Due

Finally, Plaintiffs argue that the Court should have afforded them the opportunity to amend their Complaint to allege that the notice of default violated the terms of their mortgage through the inclusion of charges other than principal and interest in the total required to cure the default. See Mem. Supp. Mot. Alter Amend J. 17-26. This substantive claim was not part of Plaintiff's Complaint; nor was it raised in their Objection to Defendants' Motion to Dismiss. It was first raised

4

in Plaintiffs' Objection to the R. & R.  See Mem. Supp. Pls.' Obj. R. & R. 10-14, ECF No. 29-1.

Plaintiffs argue that a late amendment should be allowed in light of Woel, in which the Rhode Island Supreme Court held that a party exercising the statutory power of sale must strictly comply with the terms of the mortgage.  See Woel v. Christiana Tr. as Tr. for Stanwich Mortg. Loan Tr. Series 2017-17, 228 A.3d 339, 348 (R.I. 2020); Mem. Supp. Mot. Alter Amend J. 17-22.  Woel held that the mortgagee did not strictly comply because "the default notice failed to inform plaintiff of the right to reinstate the mortgage after acceleration."  Id. at 346.  The case did not deal with the question of which charges may be included in the amount required to cure a default.  Nonetheless, Plaintiffs argue that Woel's general requirement of strict compliance would assist their amount-based argument.  However, as noted by this Court in its June 25, 2020 Text Order adopting the R. & R., federal case law had already held that strict compliance was required.  In fact, this Court in 2016 issued a holding very similar to that in Woel:

> In Rhode Island, if a contract contains a notice requirement, then a court construes that notice requirement as a condition precedent, which requires strict compliance. Cinq-Mars v. Travelers Ins. Co., 218 A.2d 467, 471 (1966) (requirement of written notice for a claim by the insured is a "condition precedent to the insurer's liability.")); Ins. Co. of N. Am. v. Kayser-Roth Corp., No. C.A. PC 92-5248, 1999 WL 81366, at *22 (R.I. Super. July 29, 1999) (stating that notice

5

requirements are a condition precedent in insurance contracts); Dyer v. Ryder Student Transp. Servs., Inc., No. 98-4489, 1999 WL 395417, at *2 (R.I. Super. June 7, 1999) ("If notice by a tenant is not given to a landlord in accordance with the terms of the lease, the right to renew has been lost or has lapsed ....").

Furthermore, Paragraph 22 of the Mortgage is a condition precedent, which requires strict compliance, when a mortgagee seeks acceleration and foreclosure. In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014) (holding that a notice omitting a borrower's right to go to court to contest acceleration was fatal, and that even if notice to go to court was ambiguously provided, that ambiguity must be construed against the drafter).

Martins v. Fed. Hous. Fin. Agency, 214 F. Supp. 3d 163, 169 (D.R.I. 2016). Thus, Plaintiffs could have raised this claim in 2018, when they filed their Complaint. They did not do so until almost eighteen months later, in their Objection to the R. & R. See Mem. Supp. Pls.' Obj. R. & R. 10-14. Thus, the Court declines to revisit its previous decision to preclude Plaintiffs from raising these tardy claims. See U.S. ex rel. Wilson v. Bristol-Myers Squibb, Inc., 750 F.3d 111, 119 (1st Cir. 2014) ("Undue delay is a permissible ground for denying leave to amend . . . ." (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).[1]

---

[1] Additionally, Plaintiffs mention arguments that they say "were completely disregarded in the Report and Recommendation[,]" but Plaintiffs do not accompany this contention with any requests for amendment or alteration. See Pls.' Mem. Supp. Mot. Alter Amend J. 23, ECF No. 31-1.

II.  Conclusion

This Court's June 25, 2020 Text Order is hereby amended to reflect that Counts III and IV are dismissed without prejudice, on solely jurisdictional grounds.  In all other respects, this Court's Text Order and its adoption of the Report and Recommendation, ECF No. 26, remain unaltered.  Accordingly, Plaintiff's Motion to Alter and Amend Judgment, ECF No. 31, is GRANTED IN PART and DENIED IN PART, and this case is DISMISSED.

IT IS SO ORDERED.

/s/ WESmith
William E. Smith
District Judge
Date:  February 22, 2021